BARNS, PAUL D., Associate Judge.
The State appealed from a final judgment discharging the defendant, after being convicted of murder in the second degree. We affirm.
The defendant-appellee was tried on an indictment for murder in the first degree, charging him with the killing of James E. Wilkerson from a premeditated design to effect his death “by shooting him with a deadly weapon.” At trial, it was established that Dora, the wife of James, shot James in the head with a pistol at 4:00 o’clock a. m. in their bedroom when the defendant was asleep elsewhere in the same dwelling. The defendant was tried upon the premise that the defendant aided and abetted the killing and was a principal in the second degree in violation of § 776.-011, F.S.A. requiring actual or constructive presence, ready to render aid to the principal in the first degree. The defendant was not indicted as a principal in the second degree to first degree murder, but the court charged the jury upon this hypothesis. The jury found the defendant guilty of “second degree murder.”
The trial judge granted defendant’s mo-^ tion for new trial, discharged the defendant for reason that the evidence failed to support the charge of the indictment and would only support a charge of being an accessory-after the fact, and held that the court had erred in not granting the defendant’s motion for a directed verdict. The evidence was not sufficient to establish the defendant’s constructive presence. We agree.
Affirmed.
HOBSON, Acting C. J., and PIERCE, J.,. concur.